## HOUSTON STREET CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8014.

Circuit Court of Appeals, Fifth Circuit.
July 15, 1936.

Robert Ash, of Washington, D. C., for petitioner.

Robert N. Anderson and Sewall Key, Sp. Assts. to Atty. Gen., and Herman Oliphant, Gen. Counsel, for Department of Treasury, and L. W. Creason, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals sustaining a motion by the Commissioner of Internal Revenue to dismiss a petition of the Houston Street Corporation for the redetermination of a deficiency for want of jurisdiction.

The question for decision is whether petitioner is to be considered a taxpayer within the meaning of the Internal Revenue laws.

The Board of Tax Appeals was created by the Revenue Act of 1924, § 900 (43 Stat. 336). Subsequent acts made changes as to procedure, provided for an appeal of a decision of the Board, but made no change in its basic jurisdiction to review a determination of deficiencies by the Commissioner. The decision of the Board is based on its interpretation of the provisions of the Revenue Act of 1926. Subsequent Revenue Acts have made no material change in the provisions of that law that are applicable to the issues presented.

The Revenue Act of 1926 provides, in substance, as follows: Section 221 (a), 44 Stat. 35: All persons, in whatever capacity acting, paying compensation or other income to any nonresident alien individual shall deduct and withhold therefrom the tax imposed thereon. Section 221 (c): Every person required to deduct and withhold any tax under the section shall make return thereof and pay the tax to the proper official. Every such person is made liable for such tax and is indemnified against the claims or demands of any person for whom payment was made. Section 221 (e): If any tax required under the section to be deducted and withheld is paid by the recipient of the income, it shall not be recollected from the withholding agent.

Section 274 (a) of the act (44 Stat. 55) provides: "If in the case of any taxpayer,

the Commissioner determines that there is a deficiency in respect of the tax imposed, * * * the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed, * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of .the deficiency." A subsequent act increased the time for filing the petition to 90 days.

Section 283 (a) of the act (44 Stat. 63) provides, in substance, that if after the enactment of this act the Commissioner determines that any assessment should be made in respect of any income, war profits, or excess profit taxes imposed by the Revenue Acts of 1916, 1917, 1918, 1921, and 1924, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purpose of this act, be considered a notice under subdivision (a) of section 274 of this act. This provision was not repeated in any subsequent Revenue Act nor was it necessary to do so. It merely made the provision for an appeal to the Board retroactive for the benefit of taxpayers in the years prior to the creation of the Board.

The Commissioner made a jeopardy assessment against petitioner of deficiencies in taxes for the years 1927 to 1933, inclusive, totaling $11,766.72, for not withholding taxes on compensation paid to two nonresident aliens, and issued the usual letter, advising petitioner of the assessment and that within 90 days it could file a petition with the United States Board of Tax Appeals for a redetermination of the deficiency. The statement accompanying the letter notified the petitioner that if reasonable cause for failure to file the returns was not furnished, 25 per cent. ad valorem penalty would be assessed. The petition filed with the Board for redetermination of the deficiency alleged, inter alia, that compensation paid the nonresident aliens was reported by the individuals and the tax was paid thereon for each of the years in controversy.

It appears from an unreported memorandum opinion in the record that the Board held petitioner was a withholding agent and not a taxpayer within the meaning of section 274 (a) of the 1926 act, and since section 283 (a) of the act had not been re-enacted by any subsequent act,

there was no statutory authority for the Board to review the action of the Commissioner and redetermine the deficiency, as the taxes were assessed under provisions of Revenue Acts subsequent to 1924, citing Southern Pac. Co. v. Commissioner, 21 B.T.A. 990, as authority for the ruling. The decision is consistent with previous decisions of the Board, which it is unnecessary to review.

The 1926 Revenue Act (section 2 [26 U.S.C.A. § 1696]) and all subsequent acts have this definition of taxpayer: "The term 'taxpayer' means any person subject to a tax imposed by this act [title]." By the provisions of the Revenue Acts petitioner was made liable for the tax imposed upon the nonresident aliens. We see no distinction between the phrases "liable for such tax" and "subject to a tax." Both connote payment of the tax. We consider the terms interchangeable. See Webster's Dictionary, Standard Dictionary and Century Dictionary "liable," "subject."

■ The purpose of creating the Board of Tax Appeals was to provide a more convenient, more equitable, and more speedy remedy to a person against whom a tax is improperly assessed and the provision is to be liberally construed. Prior thereto, no matter how arbitrary, unjust, or illegal the action of the Commissioner may have been, the person charged with the tax had only the remedy of paying the tax, asking for a refund, and then suing the collector to recover the money. It would be illogical to assume that, having extended the benefit of an appeal to the Board from the ruling of the Commissioner to a person paying his own tax, Congress intended to withhold that benefit from a person charged with the duty of paying the tax of another.

■ A person liable for a tax is a person subject to a tax and comes squarely within the definition of a taxpayer in the statute. The conclusion we reach is that the Board of Tax Appeals had jurisdiction to entertain the petition in this case and the reasons given for denying jurisdiction are wholly without substantial foundation. The following authorities tend to support this conclusion: U. S. v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984; Commissioner v. N. Y. Trust Co. (C.C.A.) 54 F. (2d) 463; White v. Hopkins (C.C.A.) 51 F.(2d) 159.

The petition is granted. The decision of the Board is reversed and the case re-

manded for further proceedings not inconsistent with this opinion.

Judge Walker concurred in the disposition of this case, but died before the opinion was handed down.