### ANDERSON v. BASS, Collector of Internal Revenue. *

### No. 8127.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1937.

*Rehearing denied March 27, 1937.

Chase Morsey, of St. Louis, Mo., and R. C. Fulbright, of Houston, Tex., for appellant.

Joseph M. Jones and Sewall Key, Sp. Assts. to the Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and W. R. Smith, Jr., U. S. Atty., and H. W. Moursund, Asst. U. S. Atty., both of San Antonio, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was to recover back as overpayments moneys appellant had paid as income tax for 1920. Due March 15, 1921, when the return was filed, they had been assessed April 8 and collected May 13, 1926, more than 5 years afterward. The claim was that the applicable statutes limited to 5 years the time within which these taxes could be assessed and collected; that more than that time had run; and that therefore the taxes sued for should be regarded as overpaid, because assessed and paid after the statutory bar had fallen. The defense was extension of the statutory period by the issuance of the regular 60-day letter, the assessment within the 5 years so extended and timely collection thereafter. On stipulated facts, the District Judge concluded: (1) That the 60-day letter extended the time for making the assessment; (2) that, the Commissioner having made the assessment within the time as extended, the collection was also in time; (3) that there was no overpayment. He entered judgment accordingly. This appeal tests the correctness of judgment and conclusions. These are the material facts as stipulated. On March 15, 1921, appellant filed his individual income tax return for the calendar year 1920, showing a tax due thereon of $367,609.50.

This tax was duly paid. On December 3, 1925, the Commissioner addressed and sent by registered mail, and appellant duly received, a regular 60-day letter, advising that a deficiency, for the year 1920, of $451,148.89 had been determined. On April 8, 1926, no appeal having been filed with the Board of Tax Appeals, the Commissioner, pursuant to his determination of deficiency and the 60-day letter advising thereof, made an additional assessment of that amount. On April 15th he scheduled certain overpayments totaling $267,462.46. On May 3d the collector mailed the appellant a notice and demand for the balance of the net amount of the additional tax and interest, $186,906.27, arrived at as follows:

| | | |
|---|---|---|
| Additional Tax | | $451,148.89 |
| Interest thereon | | 3,219.84 |
| Total | | 454,368.73 |
| Less overpayments— | | |
| Credited: 1919 | $263,365.17 | |
| 1921 | 3,997.29 | 267,462.46 |
| Balance Demanded | | $186,906.27 |

On May 13th, appellant, by check, paid the collector the sum demanded. On April 15, 1930, taxpayer filed claim for refund on the ground that the assessment of the tax was not timely made, and, the Commissioner disallowing the claim, this suit followed. Appellant insisting that taxes assessed and collected after the bar of the statute has fallen are by statutory pronouncement as illegally collected, as wrongfully withheld as they would be if collected under the purported authority of a statute which did not authorize their collection, argues vigorously and exhaustively against the judgment and its supporting conclusions. The appendix to his brief gathers up and presents as applicable to and decisive of the question a mass of statutes and regulations having to do with the 1924 and 1926 Revenue Acts (43 Stat. 253, 44 Stat. 9). Also appended as throwing light on his contention as to the construction of the statutes are forms of waivers, a letter from the Solicitor of Internal Revenue, the report of Conference Committee on section 283 of the 1926 act, and excerpts from the confidential report of the Committee on Ways and Means, accompanying the 1926 Revenue Bill. From this formidable array of statutes, regulations, and reports appellant draws the

conclusion that, instead of resulting in the joining of one taxing statute to another so as to effect a continuity in the assessment and collection of taxes, due under earlier taxing acts, but unpaid, the passage of the 1926 act has resulted in a complete hiatus. A hiatus which was intended to, and did, break the continuity of proceedings already initiated under the 1924 act by repealing that act and requiring proceedings to be begun anew under the act of 1926. Appellee apparently concedes that, if the Commissioner had, after the 1926 act took effect, and before the 5 years had run, issued another deficiency letter, thus giving appellant the right to appeal to the Board as constituted under it, an assessment made thereafter under the terms of that act would have been a valid one. He argues in effect that the 60-day notice given under the 1924 act cannot avail to extend the period of the bar, and save the assessment and collection here, because, before the time for assessing under it had expired, that act had been repealed and all proceedings begun under it had fallen.

The Commissioner points to three sections of the 1924 act, 274, 277, and 280 (43 Stat. 297, 299, 301), and two sections of the act of 1926, sections 278 and 1200 (44 Stat. 59, 125), as determinative of the issue, and as completely dispelling the atmosphere of confusion with which as he claims appellant by his great array of statutes, regulations, and references has surrounded it. He points, too, to the decision of the Court of Claims in Anderson v. United States, 15 F.Supp. 225, in which on the same facts the limitation claim was denied. Section 274 of the act of 1924 provides in subdivision (d) (2) for a 60-day letter notice of deficiency with the right of appeal to the Board of Tax Appeals. In (c) that, if the taxpayer does not file an appeal with the Board within the time prescribed, the deficiency of which the taxpayer has been notified shall be assessed, and shall be paid upon notice and demand from the collector. Section 277 provides in (a) that the amount of income taxes imposed by the Revenue Act of 1918 shall be assessed within 5 years after the return is filed; and (b) that the period for assessment shall be extended by 60 days if a deficiency notice has been mailed the taxpayer, as provided in 274 (a) (1) and no appeal has been filed with the Board. Section 278 (d) of the 1926 Revenue Act provides that, where the assessment of any income tax imposed

by the act of 1926, or by any prior act of Congress, has been made within the statutory period of limitation properly applicable, such tax may be collected within 6 years after its assessment. Section 1200 (b) of the 1926 act provides in effect that for the assessment and collection of all taxes imposed by this act, and prior acts, the parts of the Revenue Acts of 1924, which are repealed by the 1926 act, shall remain in force. In its reply brief appellant, while still insisting on all the contentions his main brief makes, seems to put his principal reliance on section 283 of the act of 1926, 44 Stat. 63. He insists that after its enactment no assessment could be made against petitioner except in accordance with its provisions for 60-day notice with right of appeal to the Board of Appeals as constituted under the 1926 act. He argues, citing Houston Street Corporation v. Commissioner (C.C.A.) 84 F.(2d) 821, Ventura Consolidated Oil Fields v. Rogan (C.C.A.) 86 F.(2d) 149, that, because of failure to comply with section 283, no valid assessment has ever been made against him. Thus, though throughout both briefs he insists that the only question at issue is one of the statute of limitations, by this argument he raises the question not of the timeliness but of the legality of the assessment and collection. We are no more impressed with this argument than we are with those the main brief advances. We think it entirely overlooks the supplemental character of the section, and that it does not purport to supersede proceedings which, like the one at bar, have advanced to the point of assessment before its passage. When it was enacted the Commissioner had already determined the deficiency in this case, had written the 60-day letter, the time for appeal under it had expired, and at any time thereafter within the 5 years as extended by that letter the Commissioner, under existing statutes, was authorized to proceed with the assessment and collection. The effect of section 283 was thus to insure that as to taxes under prior acts as to which the right of the Commissioner to assess had not matured, provision should be made for machinery for making and giving notice of the determination and for making the assessment and collection. This construction not only accords with its terms, but is the natural and reasonable one when the taxing system is considered in its continuity. We think any other construction would be strained and unreasonable.

It is true enough that taxes whose assessment and collection are barred ought, under the statutes, if thereafter collected, to be returned to the taxpayer. It is true, too, that the fact that they were at one time justly due and owing is of no consequence in the approach to and determination of the question whether when collected they were barred. On the other hand, a construction of successive acts in a complete system of taxing acts, which creates a hiatus in the system, a break in the working continuity of the laws, ought to be avoided unless such construction is compelled. Here we find no such compulsion. On the contrary, we think it abundantly clear that, taking the statutes as a whole and construing them together, they lead in this case to but one permissible conclusion. That conclusion is that, the proceedings for assessment having been timely commenced under the 1924 act, and having advanced under it to the point where the next step was the assessment, they were thereafter timely and properly concluded by assessment and collection.

The judgment is right. It is affirmed.