PRESSED METALS OF AMERICA, Inc., v. WOODWORTH.

SAME v. UNITED STATES.

No. 8470.

Circuit Court of Appeals, Sixth Circuit.

March 3, 1941.

Watson & Inman, of Port Huron, Mich., and Leonard Marshall, Knowlton Durham, and Alfred S. Forsyth, all of New York City, for appellant.

William B. Waldo, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Wm. B. Waldo,

Sp. Assts. to Atty. Gen., and John C. Lehr and J. Thomas Smith, both of Detroit, Mich., on the brief), for appellees.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

PER CURIAM.

These actions are for a refund of income taxes paid by appellant to the Collector of Internal Revenue for the First District of Michigan in the sum of $2,789.36 for 1922; $17,347.06 for 1927; $18,909.20 for 1928 and $16,895.60 for 1929. A jury was waived, the law and facts submitted to the court and on final hearing appellant's petition was dismissed, from which judgment this appeal is prosecuted.

■ Appellant duly filed with the Collector on March 9, 1923, its income tax return for the calendar year 1922. On January 7, 1927, the Commissioner of Internal Revenue, by registered letter, notified appellant of a proposed deficiency in its income taxes for the calendar year 1922 in the sum of $2,006.67 and advised it of its right to file a petition with the Board of Tax Appeals for a review of the proposed deficiency.

Appellant filed no appeal and on March 26, 1927, the Commissioner assessed and certified to the Collector for collection the proposed deficiency, which was paid, together with interest. Appellant filed claim for refund which was rejected and among the grounds stated was that the collection of the tax was barred by the Statute of Limitations. The collection of the tax was timely. Anderson v. Bass, Coll., 5 Cir., 88 F.2d 185.

■ Appellant timely filed with the Collector income tax returns for each of the years 1927, 1928 and 1929 and paid the taxes shown to be due thereon. The returns were subsequently audited by the Commissioner of Internal Revenue and additional taxes shown to be due. Appellant filed claims for refund for each of the years in question asking for a refund of all the additional taxes assessed and a portion of the amounts paid on the original returns. For the year 1927 its claim was for $17,347.06; for 1928, $18,909.20 and for 1929, $16,895.60, all of which were rejected, whereupon appellant instituted these actions.

Appellant claimed it was entitled to additional depreciation and obsolescence on capital assets used in its business, for each of the years 1922, 1927, 1928 and 1929 and was entitled to an additional deduction for the cost of experimental work for the calendar year 1922; also to an allowance for depreciation of patents for the years 1927, 1928 and 1929; that it was entitled to deduct from 1927 income, a net loss sustained by it for the calendar year 1926 and further that it had realized no profit from the sale of real estate in 1927. It claimed it was entitled to deductions for commissions paid on the sale of property in 1927 and was entitled to deduct donations for the calendar year 1929. For the years 1928 and 1929, appellant claimed its inventory of accounts receivable was valued at book instead of market, which was lower.

Under familiar rules, the findings of the trial court upon the evidence, will not be disturbed on appeal, unless such findings are clearly erroneous. Chinn v. Llangollen Stable, 6 Cir., 109 F.2d 66; Stubnitz-Greene Spring Corporation v. Fort Pitt Bedding Company, 6 Cir., 110 F.2d 192. The court being of the opinion that the deductibility of the items upon which appellant relies for the refund of taxes is a question of fact and there being substantial evidence to support the findings of the lower court, its judgment is affirmed in all particulars.