## Lewistown Borough v. Mannino

*Siegel and Siegel,* for plaintiff.
*R. Lee Ziegler,* for defendants.

LEHMAN, P. J., September 9, 1965.—Plaintiff, Borough of Lewistown, seeks by this action to collect from defendants the tax imposed by Lewistown Borough Council on March 14, 1961, pursuant to the provisions of the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851 et seq., by ordinance no. 1961-4, providing for a monthly tax of $3 per month per trailer upon the use of all house trailers located or situated within the borough, and the tax imposed by ordinance no. 1962-5, adopted by Lewistown Borough Council on March 12, 1962, imposing a similar tax. Each of the taxes became effective on July 1st following its year of enactment and covered a one-year period, pursuant to the express language of section A of said act.

Under section 3 of each of the ordinances, the taxes were to be borne by the owner, occupant or custodian of each trailer. However, section 4 of each ordinance provided that it would be the duty of each owner, proprietor of land or trailer camp, court, park or mobile home court upon which any house trailer is

located to collect and remit to the borough manager the tax imposed by each ordinance for each month on or before the fifteenth day of the next succeeding month.

Defendants had for some time maintained a trailer court in the Borough of Lewistown. During the calendar year 1962, the pertinent period involved in this action, defendants provided spaces for 27 house trailers at the trailer court operated by them but failed to pay the taxes imposed by the two ordinances for this calendar year.

The borough, therefore, brought this suit to collect the said taxes. Defendants filed preliminary objections to plaintiff's complaint, including a motion to strike, a motion for more specific pleadings and an objection in the nature of a demurrer. Plaintiff thereupon filed an amended complaint which corrected the matters raised by defendants' motions to strike and for more specific pleadings. Counsel for the parties then stipulated that the preliminary objections pertaining to these motions should be considered withdrawn and that the objection in the nature of a demurrer should be considered as having been filed to the amended complaint. In a separate proceeding, defendants sought a preliminary injunction against plaintiff to enjoin further collection, levy, assessment or enforcement. The court, after hearing, denied such injunction. Argument was heard on the preliminary objection and this issue is before the court now for decision.

Defendants state that the complaint is defective in two ways: First, the subject ordinances purport to impose upon defendants the responsibility for tax collection and liability for payment of taxes of others without defendants' consent and without provision for their compensation, the taxes in question having been imposed upon a privilege or subject matter, i.e., the use and occupancy of house trailers not enjoyed or exercised by defendants; and, secondly, that under The

General County Assessment Law, as amended by the Act of September 23, 1961, P. L. 1601, 72 PS §5020-201(a), and The Fourth to Eighth Class County Assessment Law, as amended by the Act of September 23, 1961, P. L. 1604, 72 PS §5453.201a, and Act No. 481, the Tax Anything Act as amended by the Act of September 23, 1961, P. L. 1606, 53 PS §6851, there is no use and occupancy tax on trailers due for the calendar year 1962.

The first contention raises the question whether a municipality may by ordinance impose the responsibility of collection of taxes upon individuals and hold them personally liable for such taxes not paid, without their consent and without provision for compensating them, and where such individuals do not enjoy and exercise the privilege which is being taxed. We feel this issue was directly met and comprehensively answered affirmatively by the reasoning of a 1952 Bucks County decision (In re Bensalem Township Trailer Tax Ordinance, 84 D. & C. 502) and the cases cited therein.

Let us then consider whether the 1961 amendments, Act Nos. 677, 678 and 679 prohibit a municipality from collecting a use and occupancy tax on house trailers for the calendar year 1962.

Prior to September 23, 1961, the date of the passage of the amending acts, it was clear that a municipality could levy, assess and collect a use and occupancy tax on house trailers under the Tax Anything Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851. A trailer was also subject to taxation as an item of realty if it were "permanently attached to land": The General County Assessment Law of May 22, 1933, P. L. 853, as amended, 72 PS §5020-201(a). Mifflin County, a seventh class county in which the Borough of Lewistown is located, makes its real estate assessments under The Fourth to Eighth Class County Assessment Law

of May 21, 1943, P. L. 571, as amended, 72 PS §5453. 201(a).

On September 23, 1961, both The General County Assessment Law and The Fourth to Eighth Class County Assessment Law, cited supra, were amended to include in the "real estate" category all mobile homes which were "connected to water, gas, electric or sewage facilities": Acts of September 23, 1961, P. L. 1601, 1604, 72 PS §5020-201(a), §5453.201a. The legislature, in order to prevent a discriminatory double taxation of trailers, i.e., as realty and also under the "Tax Anything" Law for occupancy and use, on the same date enacted another amendment, to the Tax Anything Act itself, which denies authority to a municipality "to levy, assess or collect any tax on a mobile home or house trailer *subject to a real estate tax* unless the same tax is levied, assessed and collected on other real property in the political subdivision": Act of September 23, 1961, P. L. 1606, 53 PS §6851 (Italics supplied).

Plaintiff borough agrees that the 1961 amendments clearly allowed it to tax trailers as real estate during 1962, since, under the Statutory Construction Act of May 27, 1953, P. L. 240, 46 PS §504, as amended, the effective dates of such amendments are construed to be the beginning of the new municipal fiscal year following their enactment. But the realities of the situation are that the borough is prevented from actually taxing the trailers as real estate during 1962, because assessments were not made against such mobile homes within the prescribed period for the year involved.

Plaintiff argues that if defendants prevail in their interpretation of the effect of these amendments, it will mean that neither real estate taxes nor the use and occupancy tax can be collected on house trailers for the year 1962, and that this entire class of homeowners will escape any taxation for this 12-month period. We agree

that this result will ensue if defendants are correct, but we are obligated to apply the law as enacted by the legislature.

It must be remembered that a municipal corporation can levy no taxes upon inhabitants or their property, unless the power to do so is plainly and unmistakably conferred by the legislature. The grant of such right must be strictly construed and not extended by implication. Such authorization, under Act 481, must be strictly construed against the municipality: Rose Township v. Hollobaugh, 179 Pa. Superior Ct. 284. We recognize further that there is a statutory presumption that the legislature did not intend a result that is absurd, impossible of execution or unreasonable. See section 52, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552.

We feel that the key to a resolution of this issue is the interpretation of the phrase "subject to a real property tax", which is found in the Act of September 23, 1961, P. L. 1606, cited supra. What is the meaning of the words "subject to"? According to Webster's New World Dictionary, it means liable, exposed, contingent on, or conditional upon. In our view, house trailers in the Borough of Lewistown were liable for and exposed to real estate taxes during the calendar year 1962, although such taxes were not actually payable, because no assessments were made. We have found no cases in this jurisdiction, or indeed in neighboring states, which have interpreted these pertinent words. We are aware of a United States Court of Appeals Fifth Circuit decision, Houston Street Corporation v. Commissioner of Internal Revenue, 84 F. 2d 821, which states that "We see no distinction between the phrases 'liable for such tax' and 'subject to a tax'. Both connote payment of the tax". We disagree with the latter sentence that these phrases connote payment of the tax. The court therein makes such statement without benefiting

us with the reasoning for such a conclusion. The Supreme Court of Mississippi, on the other hand, has declared: "[The] term 'subject to taxation' . . . means liable to taxation. [It] can not be construed as meaning that the property must be subjected to taxation": Mississippi Mills v. Cook, 56 Miss. 40, 52. We favor this interpretation and find that trailers were subject to real estate taxes during 1962. This is not an absurd, impossible of execution or unreasonable result. The legislature intended to correct inequities in taxation which were developing as regards trailer and mobile homes and to clarify what constituted a "permanently attached trailer" and to eliminate the possible double taxation of trailers while other realty was taxed once. Plaintiff would have the court construe the words "subject to" to mean "upon which there has been levied" a real property tax. If this position were sound, then we would have the anomaly of the amendment to the "Tax Anything" Law becoming effective at different times throughout the Commonwealth depending upon the time at which local authorities of the various subdivisions may see fit to assess mobile homes and house trailers as real estate. If the legislature intended to say "upon which there has been levied" a real property tax or "assessed and taxable as real estate for purposes of" a real property tax, it knew how to say it and did in fact use similar language in "Limitation upon taxation" set forth in section 203.1, (as added September 23, 1961), to The General County Assessment Law, 72 PS §5020-203.1 and in section 201.1 of The Fourth to Eighth Class County Assessment Law, (as added September 23, 1961), 72 PS §5453.201a.

To avoid this hiatus in the taxation of mobile homes and house trailers, the assessor in charge should have given prompt recognition to the foregoing amendments. Accordingly, mobile homes and house trailers would have been subject to the borough's real estate levy for

its fiscal year beginning January 1, 1962, had its assessors reported the same promptly.

For these reasons, we enter the following:

### DECREE

Now, September 9, 1965, it is ordered, adjudged and decreed that defendants' preliminary objection in the nature of a demurrer be and is hereby sustained and judgment is entered in favor of defendants and against plaintiff. Exception is noted to Siegel and Siegel, Esqs., counsel for plaintiff.