## PAUKER v. UNITED STATES.

District Court, S. D. New York.

June 9, 1938.

---

**1** No opinion for publication.

John J. Sweedler, of New York City, for petitioner.

Lamar Hardy, U. S. Atty., of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for the United States.

MANDELBAUM, District Judge.

This is a motion to dismiss the petition on the ground that the petitioner is not the real party in interest.

This proceeding, brought pursuant to the Tucker Act (Title 28 U.S.C.A. Sec. 41), is for the recovery of income taxes alleged to have been erroneously and illegally collected from the petitioner, as withholding agent under Section 143 of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. § 143.

The petition alleges, in substance, that certain foreign authors and publishers executed contracts granting world wide motion picture rights to certain named productions in consideration of lump sum payment; that the contracts were all executed abroad and were forwarded to the petitioner as agent for delivery and collection of the purchase prices from the purchasers, all of whom resided in the United States; that delivery was made and the moneys paid; that the petitioner deducted his commissions from the purchase price and finally that the Commissioner of Internal Revenue compelled the petitioner to withhold and deduct from the purchase price certain taxes, pursuant to the provisions of Section 143 (b) and (c) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. § 143(b, c), amounting in all to $3600.00. It appears that the petitioner paid the aforesaid amount under protest, and thereafter instituted the present proceeding. It is undisputed that the taxes were paid out of the moneys belonging to the principals of the petitioner (foreign authors and publishers involved).

It is the government's contention that if any cause of action exists, it is in favor of the foreign authors and publishers involved and not the petitioner.

The petitioner's right to maintain this action depends upon the meaning and intent of Section 143, (subd. f), 26 U.S.C.A. § 143(f). The wording of this section is as follows: "(f) Refunds and credits. Where there has been an overpayment of tax under this section any refund or credit made under the provisions of section 322 shall be made to the withholding agent *unless the amount of such tax was actually withheld by the withholding agent*." (Emphasis by the court.)

I think that it is clear that the words "unless the amount of such tax was actually withheld by the withholding agent" mean withheld from the recipient of the income (in this case the foreign authors and publishers). There being no ambiguity, then upon what basis may the petitioner maintain this suit? As I see it, his position is, that being liable for the taxes, pursuant to statute, and having actually paid them (although not with his own money), he is "the taxpayer" for all purposes and properly sues to recover an alleged overpayment. Chief reliance is placed by the petitioner in support of this view on the case of Houston Street Corporation v. Commissioner, 5 Cir., 84 F.2d 821. There, the Circuit Court of Appeals, in reversing the Board of Tax Appeal, upheld the contention of a withholding agent that since he was liable for such tax, he is a taxpayer within the jurisdiction of the Board of Tax Appeal. The court said (page 822) : "It would be illogical to assume that, having extended the benefit of an appeal to the Board from the ruling of the Commissioner to a person paying his own tax, Congress intended to withhold that benefit from a person charged with the duty of paying the tax of another".

Does it follow that since a withholding agent may contest a tax claim before the Board of Tax Appeal, he may therefore independently prosecute a suit as a withholding agent for a refund of taxes? I am of the opinion that the facts in this case do not warrant such inference. I discern no logical reason for extending the principle enunciated in the Houston Case, supra, beyond the point actually decided by the court. As I see it, a distinction should be drawn

between a situation in which the withholding agent protests against the imposition of a tax against a fund which he holds for another (Houston Case, supra) and one in which a withholding agent sues for a refund of taxes paid from such fund. The right to a refund inherently belongs to the one aggrieved (the foreign authors and publishers) and not the one who suffered no loss. At bar, I find no statutory authority which would enable the petitioner, as withholding agent, to maintain this suit, nor does there appear from the petition any authority by the foreign authors and publishers to do so.

If what has already been said is not conclusive to defeat the petitioner's right to maintain this action, another ground looms large to the court sufficient to call for the dismissal of the petition. The possibility of subjecting the government to a double liability should defeat the petitioner's right to maintain this action in the absence of a specific statutory authority or some authorization from his principal to sue. If the petitioner were to prevail against the government in this suit, what safeguard would there be against a subsequent suit by the foreign authors and publishers for the same relief? The answer is self-evident. Neither is the court impressed with the argument that no claim for refund by the foreign authors and publishers has been made in this case. There is still the possibility of such action on their part in some forum for the identical relief sought here.

For the reasons stated, I hold that the petitioner is not the real party in interest and accordingly dismiss the petition.