## CAPITAL ESTATES, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8162.

Circuit Court of Appeals, Third Circuit.

Argued July 6, 1943.

Decided Aug. 17, 1943.

James B. Howe, of Seattle, Wash., for petitioner.

Bernard Chertcoff, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, DOBIE, and GOOD-RICH, Circuit Judges.

GOODRICH, Circuit Judge.

Taxpayer, a Delaware corporation having its principal office at Vancouver, British Columbia, declared and paid in 1937, a dividend on its common stock of one share of its common stock and 66 cents in cash upon each $6\frac{1}{2}$ outstanding shares. Most of its shareholders were citizens and residents of Canada. In its income tax return for the fiscal year ending June 30, 1937, taxpayer claimed a dividends paid credit, against the surtax on undistributed profits, of $184,614, the fair market value of the shares distributed. This credit was denied both by the Commissioner and the Board of Tax Appeals, and the taxpayer brings the case to this court for review.

The section of the Revenue Act of 1936 which provides for the credit claimed is § 27, 26 U.S.C.A. Int.Rev.Acts, pp. 837, 838.[1] Subsection (a) makes the amount of divi-

dends paid during the taxable year the dividends paid credit. Subsection (h) provides that if a dividend is not taxable under that title, no dividends paid credit is to be allowed. Section 115(f), 26 U.S.C.A. Int. Rev.Acts, p. 870, defines what stock distributions are to be treated as taxable dividends. It provides in subparagraph (1) that "A distribution made by a corporation to its shareholders in its stock * * * shall not be treated as a dividend to the extent that it does not constitute income to the shareholder within the meaning of the Sixteenth Amendment to the Constitution."

The taxpayer has made an ingenious and plausible argument that nonresident alien shareholders are taxable on common on common stock dividends under the Constitution because the limitations upon the taxing power by the decision in Eisner v. Macomber, 1920, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, do not apply. The 1936 Revenue Act, § 211, 26 U.S.C.A. Int.Rev.Acts, p. 903, it contends, imposes the tax so far as it is constitutionally possible to do so. Therefore, it concludes, it is entitled to a dividends paid credit for such dividends. However, the props of this argument have been knocked out by the recent decision of the Supreme Court in Helvering v. Griffiths, 1943, 318 U.S. 371, 63 S.Ct. 636, 87 L.Ed. ——. That decision holds that Congress, in enacting the Revenue Act of 1936, did not intend to tax stock dividends of common on common, where the latter is the only class of stock issued by the corporation. The very section and the exact kind of dividend considered at great length by the Supreme Court in Helvering v. Griffiths are involved in this case. Section 115 is just as definitive of the word "dividend" as used in § 22(a)[2] in the Griffiths case, supra, as it is of that word in § 27 and § 211(a).[3] There is no basis in the Act for

---

[1] The pertinent provisions of § 27 are:

"(a) Dividends Paid Credit in General. For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year."

"(e) Taxable Stock Dividends. In case of a stock dividend * * * which is a taxable dividend in the hands of shareholders under section 115(f), the dividends paid credit with respect thereto shall be the fair market value of the stock * * * at the time of the payment."

"(h) Nontaxable Distributions. If any

part of a distribution (including stock dividends * * *) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part."

[2] " 'Gross income' includes gains, profits, and income derived from * * * dividends, * * *." Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts p. 825.

[3] "There shall be levied, collected, and

158

a distinction in treatment of dividends of common on common received by residents of the United States and nonresident aliens. The Act treats both alike, whatever difference the Congress could establish if it followed the line of distinction developed by the taxpayer here. The stock dividends paid by taxpayer to its nonresident alien shareholders do not entitle taxpayer to a dividends paid credit under § 27.

When the taxpayer paid the dividend in question, it withheld $19,832.75 of the cash dividend for payment of the United States income tax on the dividends distributed to citizens and residents of Canada. Later, the rate of tax on such dividends was reduced from ten percent to five and the reduction made retroactive so that the tax on the dividends paid by taxpayer was calculated to be $10,253.54. This sum the taxpayer paid as withholding agent to the Collector of Internal Revenue at Wilmington, Delaware; the balance of the sum originally withheld amounted to $9,579.21 and was not distributed by the taxpayer to its shareholders. The taxpayer contended before the Board of Tax Appeals and in this court that if it is not entitled to the dividends paid credits claimed, then it should be able to credit the $10,253.54 already paid to the Collector against the resulting deficiency.

The Commissioner has argued that the Board of Tax Appeals is without jurisdiction to consider any question of the payment made by the taxpayer as withholding agent when the only deficiency determined by the Commissioner involved the taxpayer's own income tax liability, not that of any of its shareholders. Although the Board asserted that it had jurisdiction over the matter, we do not need to decide that point since we think that the alternative ground relied on by the Commissioner and approved by the Board adequately disposes of the question.

■ Section 143(f) of the 1936 Act, 26 U.S.C.A. Int.Rev.Acts, p. 888, requires that in the case of an overpayment made by one as a withholding agent under § 143, the refund or credit is to be made to the agent "unless the amount of such tax was actually

withheld by the withholding agent." The proviso fits this case. The taxpayer withheld money payable to its shareholders and used that money to pay what it thought was income tax of the shareholder. It cannot therefore claim a credit or refund for those sums. See Pauker v. United States, D.C.S. D.N.Y., 1938, 23 F.Supp. 821; Bank of America National Trust and Savings Association v. Anglim, D.C.N.D.Cal., 1942, 424 C.C.H. 1942 Fed.Tax Serv. ¶ 9771.[1] The fact that it was not required by law to withhold that money [4] does not make § 143 (f) inapplicable, for in the case of any overpayment, there is by hypothesis no requirement that the sum constituting the overpayment be withheld.

Affirmed.

___

paid for each taxable year, in lieu of the tax imposed by sections 11 and 12, upon the amount received, by every nonresident alien individual not engaged in trade or business within the United States and not having an office or place of business therein, from sources within the United States as * * * dividends, * * *."

[1] Affirmed by Ninth Circuit, since the decision in this case, 138 F.2d 7, 1943.

[4] See § 1001(a) (7), 26 U.S.C.A. Int.Rev. Acts, p. 971.