### COBURN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 18.

Circuit Court of Appeals, Second Circuit.

Nov. 29, 1943.

Arthur F. Driscoll and T. Newman Lawler, both of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and S. Dee Hanson, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The deficiency in litigation results from the disallowance of deductions claimed by the petitioner in his income tax return for the year 1938. The claimed deductions were (1) for living expenses incurred while acting in motion pictures in California, his domicil being in New York City; and (2) for depreciation on an automobile used by him in daily travel between his lodgings in Los Angeles and the moving picture studios where he was employed.

For many years the taxpayer has followed the career of actor and actor-manager on the legitimate stage; he had never acted in motion pictures before the autumn of 1937. Since 1900 he has maintained in New York City an apartment which served both as his residence and as the business office where theatrical managers and others seeking him for business reasons address him. He continued to maintain it through-

out 1938. During that year he performed several short-term contracts to appear in specified roles in photoplays to be produced in California. Between two of these engagements he returned to New York and participated as actor and manager in a legitimate stage production which occupied him for about three months. The time spent in California during the year aggregated 263 days. His earnings derived from work there were many times larger than those received from his activities connected with the legitimate stage. He filed resident New York State income tax returns for 1937, 1938 and 1939 and nonresident income tax returns with the state of California for the same years. During his stays in California in 1938 he rented a furnished apartment in Los Angeles on a month to month basis and employed a cook and chauffeur. For rent, food and compensation to employees he expended the sum of $2,630 which he claims the right to deduct from gross income under section 23(a)(1) of the Revenue Act of 1938, 52 Stat. 460, 26 U.S.C.A. Int.Rev.Code, § 23(a)(1). Under paragraph (*l*) of the same section he claims a deduction of $312.31 for depreciation on his automobile which was used for daily transportation to and from the studios where he worked. From the foregoing facts the Tax Court concluded that the "petitioner was a motion picture actor throughout 1938 and the place at which he then carried on that trade or business was Los Angeles." It found also that the expense of his transportation from his lodgings to the studios was a personal and not a business expense. Both claimed deductions were denied.

Section 23(a)(1) permits the deduction of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * *; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *."

The opinion of the Tax Court states that whether the petitioner is entitled to the first deduction claimed turns on the meaning of the word "home" as used in the statute; and, following its own earlier decisions, it ruled that "home" means a taxpayer's place of business or "the post or station at which he is employed." See Bixler v. Commissioner, 5 B.T.A. 1181; Duncan v. Commissioner, 17 B.T.A. 1088; affirmed 2 Cir., 47 F.2d 1082; Tracy v. Commissioner, 39 B.T.A. 578; Priddy v. Commissioner, 43 B.T.A. 18. Consequently it held that the petitioner's "home" during 1938 was in California, since he was there carrying on the business of a motion picture actor.

■ In the ordinary meaning of the word Mr. Coburn's "home" was in New York, not in California. The Commissioner urges that the statute uses the word in a special "tax sense" which compels the opposite conclusion. But nothing in the statute bears evidence of any unusual meaning. Ordinarily, it is true, a man maintains his "home" in the city or locality where he carries on his trade or business; and, if he chooses to live in the suburbs, it may well be that the expenses of daily travel between "home" and place of business are personal expenses rather than "traveling expenses" within the meaning of the revenue acts. Appeal of Sullivan, 1 B.T.A. 93. But granting this and assuming that the words of the statute may be given a special "tax sense", we are convinced that a taxpayer's home, even in such sense, ought to be limited to the place where he is regularly employed or customarily carries on business during the taxable year. Coburn had no such place of business in California during 1938. He went there in 1937 to fulfill a short term contract with Loew's, Inc., expecting to return by the end of the year. While so employed he was approached by RKO Radio Pictures, Inc., with an offer of employment which began January 1st. When this was finished Loew's, Inc., again employed him for two additional roles. These three contracts together guaranteed him employment for only eight weeks, although performance of them actually took longer. Upon completion of the last one in May he returned to New York and resumed his activities as actor-manager on the legitimate stage until again offered a film engagement which required him to go back to Hollywood in September. When this was completed in October, he made another contract which guaranteed him four weeks' employment and return transportation to New York City. There is nothing to controvert petitioner's assertions that each of his limited engagements in California was only a temporary diversion from his life-long career on the legitimate stage. He was not exclusively a film actor during the year in question. The fact that by chance he got five short-term con-

tracts which caused him to spend 263 days in California did not wrest him from New York City permanently even in a professional sense. His "home" remained there, whether the word be construed in its usual domiciliary sense or in the special "tax sense". See Griesemer v. Commissioner, 10 B.T.A. 386; Brown v. Commissioner, 13 B.T.A. 832; G.C.M. 7133, VIII-2 C.B. 85 (1929). Since the amount to be deducted as "traveling expenses" does not appear to be in dispute, the claimed deduction should be allowed.

We think there was no error in denying petitioner's claim for depreciation on his automobile. Relying upon Art. 23(1)-2 of Treasury Regulations 101 the respondent asserts that allowance for depreciation is limited to properties used exclusively in a taxpayer's trade or business. Whether "properties" is there used in the sense of theatrical properties is not clear. Even if depreciation on an automobile not used exclusively in the taxpayer's business may be allowable to some extent, there can be no partial allowance without some basis for making a reasonable apportionment between depreciation resulting from use in the business and that resulting from personal use. Cf. O'Rear v. Commissioner, 28 B.T.A. 698, 701. The present record discloses no such basis.

The order is reversed and the cause remanded for further proceedings in conformity with this opinion.