### SHARP & DOHME, Inc., v. UNITED STATES.

### No. 8226.

Circuit Court of Appeals, Third Circuit.

Argued March 4, 1943.

Decided July 25, 1944.

Henry S. Drinker, of Philadelphia, Pa. (Frederick E. S. Morrison and Calvin H. Rankin, both of Philadelphia, Pa., on the brief), for appellant.

Newton K. Fox, of Philadelphia, Pa. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff brought suit against the United States to recover excise taxes alleged to have been erroneously paid by it to a former Collector of Internal Revenue, now deceased. Section 213(a) of the National Industrial Recovery Act, 48 Stat. 195, 206, imposed an excise tax of 5% upon dividends received by any person other than a domestic corporation and provided that the payor corporation withhold and pay the tax to the Collector. Pursuant to these provisions the plaintiff withheld 5% of cash distributions it paid to the holders of its preferred stock in August and November of 1933 and paid the amounts so withheld to the Collector. It now alleges that this was erroneous because although designated as dividends the distributions represented in part a return of capital upon which no excise tax was due. The Commissioner denied the claim for refund upon the ground that the dis-

tributions were in their entirety dividends upon which an excise tax was properly imposed and collected. The district court entered judgment for the defendant upon the same ground. We have this day decided in Campbell v. United States and Newbold v. United States, 3 Cir., 144 F.2d 177, that the distributions to its stockholders made by the plaintiff were in part a return of capital and not dividends. It follows that to that extent the distributions were not subject to excise tax.

■■■ It does not necessarily follow from the fact that the taxes were erroneously paid that the plaintiff is the proper party to bring suit for their refund. It is fundamental that one without interest in the subject matter of a law suit has no legal standing to prosecute it.[1] Accordingly a person who has no financial interest in taxes alleged to have been erroneously collected has no legal standing to sue for their refund. This is so even though the person seeking to maintain an action for the refund of the taxes acted as an agent for the Government in withholding the taxes from moneys in his possession belonging to the taxpayer and in paying them over to the Government. In order to give such a person standing to sue for the return of the tax money it must appear either (a) that he has borne the burden of the tax, as is the case when the withholding agent does not deduct the taxes from the payments made to the taxpayer but uses his own funds to meet the tax obligation[2] or when the withholding agent subsequently repays the amount of the tax to the taxpayer, or (b) that he has been empowered by the taxpayer to obtain the refund on the latter's behalf.

The refund provisions of the Revenue Act of 1932 fit into this pattern. Section 772(a) of that Act, 26 U.S.C.A. Int.Rev. Code, §§ 1854(a), 3471(a),[3] provides:

"Credit or refund of any overpayment of tax * * * may be allowed to the person who collected the tax and paid it to the United States if such person establishes, to the satisfaction of the Commissioner, under such regulations as the Commissioner with the approval of the Secretary may prescribe, that he has repaid the amount of such tax to the person from whom he collected it, or obtained the consent of such person to the allowance of such credit or refund."

[5, 6] This section authorizes a withholding agent to obtain a refund only (a) if it has already repaid to the stockholder the tax originally withheld and has thus become subrogated to the stockholders' rights or (b) if it has obtained the consent of the stockholder to make the claim and receive the refund and thus has become the authorized agent of the stockholder to prosecute the claim on his behalf. In either situation the withholding agent may, under the authority given by the section, enforce the refund or credit in its own name. But since a withholding agent has no standing to sue for the recovery of taxes withheld and paid over by him to the Government unless he has acquired a personal interest or has been authorized to act by and on behalf of the one who does have an interest the existence of one or the other of those facts is clearly a necessary element of the plaintiff's right to recover.[4] Moreover the existence of one or the other of those facts is a condition precedent to the bringing of suit for without it, as we

---

[1] Corporation of Washington v. Young, 1825, 23 U.S. 406, 10 Wheat. 406, 6 L.Ed. 352; House v. Mullen, 1874, 89 U.S. 42, 22 Wall. 42, 22 L.Ed. 838; Huntington v. Savings Bank, 1877, 96 U.S. 388, 24 L. Ed. 777; McMicken v. United States, 1877, 97 U.S. 204, 208, 24 L.Ed. 947.

[2] Compare Capital Estates v. Commissioner of Internal Revenue, 3 Cir., 1943, 138 F.2d 156; Bank of America, Nat. Trust & Sav. Ass'n v. Anglim, 9 Cir., 1943, 138 F.2d 7; Pauker v. United States, D.C.N.Y.1938, 23 F.Supp. 821.

[3] Section 213(d) of the National Industrial Recovery Act, 48 Stat. 195, 207, makes the provisions of Section 772 of the Revenue Act of 1932, 47 Stat. 169, 277, applicable to the refund of taxes collected by virtue of the National Industrial Recovery Act.

[4] Compare United States v. Jefferson Electric Mfg. Co., 1934, 291 U.S. 386, 54 S.Ct. 443, 448, 78 L.Ed. 859. In that case the question arose as to the effect to be given Section 424 of the Revenue Act of 1928 which provided in subdivision (a) (2), 26 U.S.C.A. Int.Rev.Acts, page 443, that "no refund shall be made" unless it be established to the satisfaction of the Commissioner that the amount was not collected from the purchaser or if collected was returned to him. The court held that this section prescribed an additional element of the right to a refund, namely, that the tax has been borne by the taxpayer and not been passed on to the purchaser. "The courts in adjudicating claims of the designated class," it said, "are under a duty to give effect to the subdivision by regarding the additional element as a

have seen, the withholding agent has no standing to sue and cannot state a cause of action. It follows that the lack of this necessary basis for the plaintiff's cause of action cannot be cured by the subsequent acquisition from the stockholders of consent to sue on their behalf after the expiration of the time allowed by the statute of limitations for bringing suit. For the statute bars the introduction by amendment of a new cause of action which would be barred if brought as an independent suit.[5]

■ Turning to the facts of the case before us we find that the complaint contains no averment that the plaintiff has repaid the stockholders the sums withheld by it and erroneously paid to the Collector. Nor does it contain any averment that the plaintiff has obtained the consent of the stockholders to bring the suit for the refund. No such conclusion may fairly be drawn from the 14th paragraph in which the plaintiff alleges:

"Any amounts withheld from Plaintiff's stockholders and erroneously paid to the Collector as aforesaid will, if recovered in this suit, be refunded by the Plaintiff to the recipients of the distributions from which said amounts were respectively withheld."

The parties, however, entered into a stipulation of facts in the district court, which stipulation was adopted by that court as special findings of fact. By paragraph 12 they stipulated that:

"One of Plaintiff's said stockholders from whom said distributions were withheld, to wit, Milton F. Campbell, the holder throughout the years 1933 and 1934 of 3,630 shares of said Preference Stock, gave his consent to the filing of said Claim for Refund and to the bringing of this suit and to the allowance of a refund to Plaintiff of such part of such sums, if any, as the Court shall determine were erroneously paid. If and when it is judicially determined in this proceeding that any amounts of tax were erroneously withheld from Plaintiff's stockholders and erroneously paid by Plaintiff to the Collector of Internal Revenue, Plaintiff will obtain consents

of the other holders of said Preference Stock, in form approved by the Commissioner, of the refund of the sums so erroneously withheld from such other holders and so paid, prior to the refund thereof to Plaintiff. Plaintiff will refund such amounts when and as recovered, to the recipients of the distributions from which said amounts were respectively withheld."

The plaintiff has therefore proved the consent of Campbell. It follows that the plaintiff has established its right to bring suit to recover the taxes paid on behalf of Campbell. Moreover, there are sufficient facts stipulated whereby the district court can determine by a mathematical computation how much of the total tax sought to be recovered represents Campbell's share. As to that portion of the claim, therefore, the plaintiff is entitled to judgment.

■ The language of the stipulation rules out the possibility that at the time of the filing of the complaint on January 10, 1940 the plaintiff did in fact have the consent of any stockholders other than Campbell but through some oversight failed to allege or prove that fact. For the stipulation is that the "plaintiff will obtain consents of the other holders of said Preference Stock * * *." The Commissioner mailed the plaintiff a notice of disallowance of the claim on January 12, 1938. Since the stipulation was filed on May 14, 1942, which was more than two years after the date of mailing the notice of disallowance and consequently after the limitation period prescribed by the applicable statute of limitations had expired[6] it is clear that even though consent may have been obtained thereafter the plaintiff's defective cause of action could not then have been cured thereby. It is equally clear that neither the failure of the Government to raise the question nor its joinder in the stipulation operated to waive the statute of limitations, for an officer of the Government may not make such a waiver in the absence of express statutory authority to do so.[7]

The judgment is reversed and the cause is remanded with instructions to proceed in conformity with this opinion.

---

matter to be shown by suitable allegation and established by appropriate proof, like other elements of such a right or cause of action, and by determining the sufficiency of pleadings and evidence accordingly."

[5] Union Pacific R. Co. v. Wyler, 1895, 158 U.S. 285, 296, 15 S.Ct. 877, 39 L.Ed. 983.

[6] R.S. § 3226, as amended by the Act of June 6, 1932, § 1103(a), 47 Stat. 169, 286, 26 U.S.C.A. Int.Rev.Code, § 3772(a) (1, 2), (b).

[7] United States v. Garbutt Oil Co., 1937, 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405.

460

JONES, Circuit Judge (concurring).

This Court having held in the Campbell and Newbold cases (decided this day) that the distributions to stockholders made by Sharp & Dohme, Inc., in August and November 1933 were returns of capital and not taxable dividends, it follows that the plaintiff, as the distributing corporation, erred in withholding from its stockholders and in paying over to the Government, as a tax under Sec. 213 of the National Industrial Recovery Act (48 Stat. 195, 206), five per cent of the amounts for distribution. A claim for refund was, therefore, in order at the instance of a competent claimant. However, as the opinion for the Court clearly demonstrates, the plaintiff has failed to establish, under the pertinent statute, Sec. 772(a) of the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A. Int.Rev. Code, §§ 1854(a), 3471(a), its right to maintain the claim for refund in its representative capacity save for the one stockholder by whom it was expressly authorized to act in such regard.

I therefore concur in the opinion and order in this case.