ALFONSO VALDÉS ET AL., acting under the name of MAYAGÜEZ BASEBALL CLUB, Plaintiffs, Appellants and Appellees, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant, Appellee and Appellant.

No. 10967. Argued May 3, 1954.—Decided July 29, 1955.

552

*J. Alemañy Sosa* for plaintiff-appellant. *José Trías Monge, Attorney General,* and *Manuel J. Medina Aymat, Assistant Attorney General,* for defendant.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

■■ The case of *Postley* v. *Secretary of the Treasury,* 75 P.R.R. 822, 844 (Snyder) (1954), disposes of half of the appeal filed by the Secretary of the Treasury, since in said case we held: that § § 12, 13, 18, and 19 of the Income Tax Act, insofar as they provide (1) a 29 percent normal tax on citizens of the United States who are nonresidents of Puerto Rico as against a 7 percent normal tax on citizens of the United States who are residents of Puerto Rico, and (2) the denial to such citizens of the United States who are

nonresidents of Puerto Rico of the exemptions and credits for dependents granted to the citizens of the United States who are residents of Puerto Rico, are void because they violate § 2 of the Organic Act of Puerto Rico of 1917.

The taxpayer, as a withholding agent, withheld from the income of certain baseball players, which he brought to Puerto Rico for the 1948 season, the income corresponding to a resident, and the deficiency notified by the former Treasurer of Puerto Rico was based on the income corresponding to a nonresident. All this happened, of course, before our decision in the *Postley* case. There is only one case, that of the Cuban baseball player Armando Torres, who happens to be a nonresident alien, which is not covered by the *Postley* case and for whom the withholding agent is liable as to the 29 percent tax pursuant to § 22(a) of the Income Tax Act as amended by Act No. 88 of May 8, 1945.

■ The second question in issue refers to certain transportation, lodging and meal expenses paid by the employer which he did not include in the income earned by the employee. The evidence showed that the contract executed between the withholding agent and the baseball players was a contract for professional services, of a temporary duration, with a specific compensation for professional services exclusively; that during the entire baseball season, the withholding agent paid to his baseball players the salary stipulated for professional services and he also defrayed, on his own account, the transportation, lodging and meal expenses of said players; that this was the established custom in Puerto Rico in order to obtain the services of the players imported from the United States and the Latin American countries to reinforce the teams; that said contracts were so conditioned because it was convenient for the owner of the team, in order to insure that those players would play for him at the proper time, to have them all living together in a place chosen by the employer himself in order to watch them closely and control their diets for the purpose of keep-

ing them in the best physical condition; that this is customary in United States as well as in Puerto Rico in order to insure a good baseball show and the most profitable income during the baseball season.

The Secretary of the Treasury tries to convince us that those expenses should be regarded as income of the baseball players and added to their respective salaries, pursuant to § 15(a) of our Income Tax Act, as amended by Act No. 29 of December 8, 1947, and the provisions of § 71 of Regulation No. 1 of the Income Tax Regulations which provides: "When living quarters such as camps are furnished to employees for the *convenience of the employer*, the ratable value need not be added to the cash compensation of the employee, but where a person receives as compensation for services rendered a salary and in addition thereto living quarters, the value to such person of the quarters furnished constitutes income subject to tax."

The rules for determining what is known in tax law as "convenience of the employer test" may be very simple or very complex. Generally speaking, the travelling expenses for business reasons are considered as an expenditure to be deducted by whoever pays it. The Income Tax Act is based on the theory that each person has his home or his place of business within a fixed location which he need not change for another in order to carry on his family life or his business. When the person moves from said location for business reasons, the travelling expenses are deductible as an expense because they are considered necessary for the production or collection of income either for himself or for another person: 2 Federal Taxes (1955) 11,091 and 11,161 § § 11,145 and 11,270 (Prentice-Hall, 1955 ed.); 90 L. ed. 213 (1946); *Coburn* v. *Commissioner of Internal Revenue*, 138 F. 2d 763, 764 (Swam) (1943); *Wallace* v. *Commissioner of Internal Revenue*, 144 F. 2d 407, 410 (McCormick) (1944).

This is also the case as to lodging expenses. The law starts from the principle that every person has a home or a business location, post of duty or station, which he need not change for another in order to carry on his family life .or his usual business. When the person has to abandon said home or business location for business reasons, the lodging expenses are deductible as an expense because such expenses are considered necessary for the production or collection of income either for himself or for another: 2 Federal Taxes (1955) 11,163, § 11,271 (cited edition); *E. G. Leach* v. *Commissioner of Internal Revenue*, 12 Tax Court of United States Reports 20, 21 (Murdock) (1949). The same thing holds for meal expenses.

As may be seen, the important thing is that the traveling expenses for business reasons, such as transportation, lodging or meals, be incurred: (1) for the production or collection of income either for himself or for another; (2) away from home or from the ordinary place of business. There is also another important condition: the travelling expenses for business reasons must be of a temporary duration or for a specific period of time which does not require a change of location or of residence and are not of indefinite duration: 2 Federal Taxes (1955) 11,165, § 11,271–A, (cited edition). The authorities do not distinguish between expenses incurred directly by the person who produces the income for himself or by the person who produces the income for another person, it being the same whether the income accrues to the employee or to the employer: 2 Federal Taxes (1955) 11,161, § 11,270 (cited edition).

Having established the general rules as to traveling expenses for business reasons, we shall now examine the subject of certain traveling expenses which, although defrayed by the employer in order to produce or increase his own income, may be regarded as income accruing to the employee.

We agree that the operative test to be met, in order to exclude or include as additional income of the employee the traveling expenses paid by the employer, is the employer's convenience and not that of the employee. Whenever the traveling expenses for business reasons are paid by the employer for his own convenience, they do not form part of the employee's income; whenever they are paid for the personal convenience of the employee, they form part of the employee's income: 1 Federal Tax Service 7668–7669, § 7704; (Prentice-Hall, 1954 ed.); *Federal Tax Course* 1309, § 1307, (Prentice-Hall, 1955 ed.); *The Federal Income Tax*—Stanley and Killcullen 24, § § 29.22 (a) (3) and 22.22 (a) (4), (The Tax Club Press, 1948 ed.); *The Federal Income Tax*—Stanley and Killcullen 26, § § 29.22 (a) (4) (The Tax Club Press, 1951 ed.); 2 Merten's *Law of Federal Income Taxation* 74, § 11.16 (Callaghan and Company, 1942 ed.).

■■ It should be noted that transportation expenses are not added to the compensation as a possible additional income of the employee pursuant to § 71 of Regulation No. 1 of our Income Tax Regulations. Hence, transportation expenses maintain their character of expenditure and their deductibility may only be submitted to the test that they be reasonable and necessary, that they be incurred by the employee while away from home and in pursuit of the employer's business: *Treasurer of Puerto Rico* v. *Tax Court*, 73 P.R.R. 450, 455, 456 (Marrero) (1952). Section 71 of our Regulation only refers to living quarters. The Secretary of the Treasury advises us that, in this respect our Regulation differs from the Federal Regulation which, in § 29.22 (a) (3), includes "living quarters" or meals.

We have been unable to find a decision or a satisfactory definition of what is comprised by the term "living quarters". Our Regulation, however, uses said term "living quarters" as something such as camps, which undoubtedly includes both lodging and meals. From the point of view of

the employee's additional income, we consider the matter unimportant, since if it had to be included in the employee's gross income it could be excluded in the deductions as traveling expenses pursuant to § 16(1), as amended by Act No. 159 of May 13, 1941. This is Merten's practical reasoning on the question: 4 Merten's *Law of Federal Income Taxation* 478–480, § § 25.83–25.85 and this is one of the implications of the *Postley* case insofar as it puts nonresidents and residents on the same footing for taxing purposes.

Assuming that transportation expenses may not be included as additional income pursuant to § 71 of our Regulation and that contrariwise lodging expenses and the meals may be included, the only question for determination now is what is understood by "convenience of the employer" in order to determine their elimination as additional income of the employee. They are deemed to be for the convenience of the employer when he demands a specific lodging and specifies how and where the meals must be obtained. The most classic examples are lumber industries and road-construction projects in the rural zone; hospitals and other establishments of uninterrupted service in the urban zone. What the evidence must establish is that it is a condition imposed by the employer because of the specific nature of his business and not a demand of the employee for the purpose of increasing his income. Furthermore, it must be inquired whether the services are rendered while away from home or from the regular business premises since it is inconceivable to regard any such expenses as a gain to the employee when he is compelled to double his ordinary expenses for lodging and meals in order to obtain or increase his income. The case of the baseball players follows the same rule: 2 Federal Taxes (1955) 11,169, § 11,271–b (cited edition). As to the analogy with the expenses incurred by a golf player during a tournament, see 4 Merten's *Law of Federal Income Taxation* 478, § 25.83 (cited edition).

 The Secretary of the Treasury pointed out the possibility that the taxpayer was not entitled to resist the imposition of the deficiency, since, being a mere withholding agent, the taxpayer is indemnified against the claims or demands of any other persons for the amount of any payment that he would have made in favor of the Secretary of the Treasury for income taxes withheld at their source. This is not the case. Section 22(b) of our Income Tax Act, as amended by Act No. 29 of December 8, 1947, which is the law in point herein, provides: "Every person, partnership or corporation obliged under this section to deduct and withhold any tax, shall make a return thereof on or before March 15 of each year and shall, on or before June 15, pay the tax to the officer of The People of Puerto Rico authorized to receive it. *Every such person, partnership, or corporation is hereby made liable for such tax and is hereby indemnified against the claims or demands of any person for the amount of any payment* made in accordance with the provisions of this section." This contains two different statements which produce different legal effects. By the first it makes the natural or juridical persons liable for the withholding and delivery of the nonresident's tax. By the second, it indemnifies said persons against the claims or demands of the nonresident or of any other person with a right of action, for the amount of any payment withheld and delivered. The first refers to the notice of any deficiency in the withholding or delivery of the amount of the tax actually accrued, for which the withholding agent is liable. The second refers to the reimbursement of any tax withheld and delivered in excess of the tax actually accrued, or withheld and delivered pursuant to any tax provision not applicable to the nonresident for which the withholding agent is not liable.

In the case of a deficiency determination for insufficiency of the amount withheld and delivered by the withholding agent, said agent has enough interest to become a necessary

and indispensable party since he would be held liable for the difference between the amount withheld and delivered and what he should have withheld and delivered: 9 Merten's *Law of Federal Income Taxation* 221, § 50.24 (Callaghan & Company, 1943 ed.); *Houston Street Corporation* v. *Commissioner*, 84 F. 2d 821, 822 (Foster) (1936). He could also attack the constitutionality of the provision on which the Secretary of the Treasury bases the deficiency: *Minnesota Mining & Manufacturing Company* v. *Wisconsin Department of Taxation*, 322 U. S. 435, 440, 88 L. ed. 1373, 1378–1379 (Stone) (1944). In the case of a reimbursement, for any excessive withholding and delivery, the withholding agent has no interest since he is not liable either to the State or to the nonresident. The nonresident alone is the interested party and he is the one who must ask for reimbursement: *Pauker* v. *United States*, 23 F. Supp. 821, 823 (Mandelbaum) (1938); *Sharp & Dohme* v. *United States*, 144 F. 2d 456, 458 (Maris) (1944).

As to the first appeal brought in turn by the taxpayer from the determination filed by the Treasurer, it suffices to state that the fact of declaring unconstitutional any difference in the rates of taxation between residents and nonresidents, when they are all citizens of the United States, does not imply that nonresident citizens of the United States do not have to pay any income tax, but that their tax must be computed at the same rate as that of the citizens who are residents: *Postley* v. *Secretary of the Treasury, supra,* at p. 845. As to the second appeal brought in turn by the taxpayer to the effect that the tax must be computed on the basis of each of the payments received by the nonresidents and not on the total payments received during the season, we agree with the trial court that § 22 (a) of our Income Tax Act, as amended by Act No. 29 of December 8, 1947, applicable to this case, establishes the obligation of withholding for a whole tax period, whether annual or periodical, and not for isolated payments. Because of the special nature

of a contract of a baseball player, the periodicity is determined by the whole season and not by the weeks or months during which he receives the payment for his services. It is natural that the withholding agent wants to divide proportionately into different payments the amount of tax which he must withhold for the whole year or period of time less than a year, in order not to be held liable by the State for any future deficiency. Any credit which this system may produce in favor of the baseball player insofar as the normal or surtax is concerned, has no other remedy than the petition for reimbursement filed directly by said baseball player.

The judgment, as well as the orders appealed from, will be affirmed.

Mr. Justice Sifre did not participate herein.