ALFONSO VALDÉS ET AL., actuando bajo el nombre de MAYA-GÜEZ BASEBALL CLUB, querellantes, apelantes y apelados, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, querellado, apelado y apelante.

Número 10967.

*Sometido:* 3 de mayo de 1954. *Resuelto:* 29 de julio de 1955.

---

*J. Alemañy Sosa,* abogado del querellante-apelante; *Hon. Secretario de Justicia, José Trías Monge* y *Manuel J. Medina Aymat, Procurador Auxiliar,* abogados del Secretario de Hacienda.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

██ El caso de *Postley* v. *Secretario de Hacienda,* 75 D.P.R. 874, *(Snyder),* (1954), cita precisa a la pág. 898, dispone de la mitad de la apelación seguida por la administración, puesto que en dicho caso resolvimos: que las secs. 12, 13, 18 y 19 de la Ley de Contribuciones sobre Ingresos en todo aquello que (1) hubiese dispuesto una contribución normal del 29 por ciento a los ciudadanos de Estados Unidos no residentes en Puerto Rico y una contribución normal del 7 por ciento a los ciudadanos de Estados Unidos residentes en Puerto Rico, y (2) que negara a dichos ciudadanos de Estados Unidos no-residentes en Puerto Rico las exenciones y créditos por dependientes concedidos a los ciudadanos de Estados Uni-

dos residentes en Puerto Rico, resultaban nulas por ser contrarias al Artículo 2 de la Carta Orgánica de Puerto Rico de 1917.

La contribuyente, como agente retenedora, retuvo de los ingresos de ciertos jugadores de pelota traídos por ella a Puerto Rico para la temporada del 1948, el ingreso correspondiente a un residente, y la deficiencia notificada por el anterior Tesorero de Puerto Rico se basaba en el ingreso correspondiente a un no-residente. Todo esto, desde luego, ocurrió antes de nuestra decisión en el caso de Postley. Hay un solo caso, el del jugador de pelota cubano señor Armando Torres, quien resulta ciudadano extranjero no-residente, que no está cubierto por el caso de Postley, y sobre el cual debe responder la agente retenedora de la contribución del 29 por ciento, de acuerdo con la sec. 22(a) de la Ley de Contribuciones sobre Ingresos, según quedó enmendada por la Ley núm. 88 de 8 de mayo de 1945 (pág. 313).

La segunda cuestión litigiosa planteada ante nos se refiere a ciertos gastos de transportación, alojamiento y comidas pagadas por el patrono que no fueron incluídos por éste dentro del ingreso devengado por el empleado. La prueba demostró que el contrato celebrado entre la agente retenedora y los jugadores de pelota era un contrato por servicios profesionales, de carácter temporal, con una compensación específica por servicios profesionales exclusivamente; que durante toda la temporada del juego de pelota, la agente retenedora satisfizo a sus jugadores de pelota el sueldo convenido por los servicios profesionales y sufragó además, por su cuenta, los gastos de transportación, alojamiento y comidas de dichos jugadores; que ésta era la costumbre establecida en Puerto Rico para obtener los servicios de los refuerzos importados desde Estados Unidos y los países hispanoamericanos; que dichos contratos se hacían en esas condiciones porque al dueño del equipo le convenía asegurar, en tiempo oportuno, la obtención de dichos refuerzos, tener los mismos viviendo juntos en un alojamiento escogido por el propio patrono para

poder ejercitar sobre ellos una estrecha vigilancia y controlar la dieta que comieran dichos jugadores con el propósito de conservarlos en las mejores condiciones físicas; que ésta es la costumbre que se sigue tanto en Estados Unidos como en Puerto Rico para el mejor lucimiento deportivo y el mayor rendimiento lucrativo de una temporada de juego de pelota.

El Secretario de Hacienda trata de convencernos que dichos gastos deben ser considerados como ingresos de los jugadores de pelota, y añadidos a sus respectivos sueldos, de acuerdo con la sec. 15(a) de nuestra Ley de Contribuciones sobre Ingresos, según dicha sección quedó enmendada por la Ley núm. 29 de 8 de diciembre de 1947 ((2) pág. 403) y las disposiciones del art. 71 del Reglamento núm. 1 sobre Contribuciones de Ingresos que dispone: "(cuando cuarteles de vivienda (*living quarters*), tales como campamentos, le son provistos a los empleados por *conveniencia del patrono*, el valor tasable de dicho alojamiento no tiene que ser sumado a la compensación en metálico que reciba el empleado; pero cuando una persona reciba como compensación por los servicios rendidos un sueldo y además alojamiento en cuarteles de vivienda, el valor que tenga para dicha persona tal alojamiento, constituye ingreso tributable".

Las normas para determinar lo que se conoce en derecho contributivo como "conveniencia del patrono" (*convenience of the employer test*) pueden ser muy simples o muy complejas. Generalmente hablando, los gastos de viaje por razón de negocio se consideran como egreso a ser deducido por quien los satisfaga. La Ley de Contribuciones sobre Ingresos parte del principio que cada persona tiene su hogar o su sitio de negocio dentro de una localidad fija, la cual no tiene que cambiar por otra, para llevar a cabo su vida familiar o sus negocios. Cuando la persona se traslada de dicha localidad por razón de negocio, los gastos de transportación son deducibles como egreso porque se considera que tales gastos son necesarios a la obtención o al aumento del ingreso que produce bien para sí o para otra persona: 2 *Federal Taxes* (1955) 11,091 y

11,161 secs. 11, 145 y 11,270 (ed. de Prentice Hall de 1955) ; 90 L. Ed. 213, (1946) ; *Coburn* v. *Commissioner of Internal Revenue*, 138 F.2d 763, *(Swam)*, (1943), cita precisa a la pág. 764; *Wallace* v. *Commissioner of Internal Revenue*, 144 F.2d 407 *(McCormick)*, (1944), cita precisa a la pág. 410.

Lo mismo ocurre con relación a los gastos de alojamiento. La ley parte del principio que cada persona tiene un hogar (*home*) o su sitio de negocio (*business location; post of duty; station*), el cual no tiene que cambiar por otro para llevar a cabo su vida familiar o sus negocios habituales. Cuando la persona tiene que abandonar dicho hogar o sitio de negocio, por razón de negocio, los gastos de alojamiento son deducibles como egreso porque se considera que tales gastos son necesarios a la obtención o al aumento de su ingreso que produce bien para sí o para otra persona: 2 *Federal Taxes* (1955) 11,163, sec. 11,271 (ed. citada) ; *E. G. Leach* v. *Commissioner of Internal Revenue*, 12 Tax Court of United States Reports 20, (*Murdock*), (1949), cita precisa a la pág. 21. Lo mismo podría decirse en cuanto a los gastos por comida.

Como se ve lo importante es que los gastos de viaje por razón de negocio, tales como transportación, alojamiento o comidas, se incurran: (1) en la obtención o aumento del ingreso que produzca una persona para sí o para otra persona; (2) fuera de la localidad, del hogar (*away from home*) o donde ordinariamente realiza sus negocios. Hay además una condición que es importante: los gastos de viaje por razón de negocios deben ser temporales o por un período de tiempo específico que no requiera un cambio de locación o de residencia y no sean de duración indefinida: 2 *Federal Taxes* (1955) 11,165, sec. 11,271-A, (ed. citada). Las autoridades no distinguen entre que los gastos incurridos lo sean directamente por la persona que produce el ingreso para sí o por la persona que produce el ingreso para otro, siendo lo mismo que el ingreso redunde en beneficio del patrono que del empleado: 2 *Federal Taxes* (1955) 11,161, sec. 11,270 (ed. citada).

■ Establecidas las normas generales en cuanto a los gastos de viaje por razón de negocio, examinemos ahora la especialidad de ciertos gastos de viaje, que a pesar de ser sufragados por el patrono para su obtención o aumento de su propio ingreso pueden ser considerados como ingreso del empleado.

Estamos conformes que el criterio determinativo que debemos emplear para excluir o incluir como ingreso adicional del empleado los gastos de viaje sufragados por el patrono es la conveniencia del patrono y no la conveniencia del empleado. Cuantas veces los gastos de viaje por razón de negocio se sufragan por el patrono por conveniencia suya, no forman parte del ingreso del empleado; cuantas veces se sufraguen para conveniencia del empleado, forman parte del ingreso del empleado: 1 *Fed. Tax Ser.* 7668–7669, sec. 7704; (ed. de Prentice Hall del 1954); *Federal Tax Course* 1309, sec. 1307, (ed. de Prentice Hall de 1955); *The Federal Income Tax—* Stanley and Killcullen 24, secs. 29.22*(a)* (3) y 22.22*(a)* (4), (ed. de The Tax Club Press de 1948); *The Federal Income Tax*—Stanley and Killcullen ·26, secs. 29.22 (*a*) (4), (ed. de The Tax Club Press de 1951); 2 Merten's *Law of Federal Income Taxation* 74, sec. 11.16 (ed. de Callaghan and Company de 1942).

■■ Es de notarse que los gastos de transportación no se añaden a la compensación como un posible ingreso adicional del empleado de acuerdo con el art. 71 del Reglamento núm. 1 de nuestra Ley de Contribuciones sobre Ingresos. Siendo esto así, los gastos de transportación conservan su carácter de egreso y su deducibilidad sólo puede estar sometida a la prueba de que sean razonables y necesarios, que se haya incurrido en ellos mientras el empleado estuviese ausente de su residencia y en asuntos relacionados con el negocio del patrono: *Descartes Tes.* v. *Tribunal de Contribuciones y Ortiz*, 73 D.P.R. 491 (*Marrero*) (1952), cita precisa a las págs. 495 y 496. El art. 71 de nuestro Reglamento se refiere sólo a gastos de vivienda, "cuarteles de vivienda"

(*living quarters*). El Secretario de Hacienda nos advierte que en cuanto a este último aspecto nuestro reglamento es diferente al reglamento federal que en su sec. 29.22 (*a*) (3) incluye "cuarteles de vivienda" (*living quarters*) o comidas (*meals*).

No hemos podido encontrar una decisión o una definición satisfactoria de lo que comprende el término "cuarteles de vivienda", (*living quarters*). Nuestro reglamento, sin embargo, usa dicho término "cuarteles de vivienda", (*living quarters*) como algo equivalente o parecido a campamentos (*such as camps*), que indudablemente incluye tanto el alojamiento como la comida. Desde el punto de vista del ingreso adicional del empleado, no le damos mucha importancia al asunto, puesto que de tener que ser incluído en el ingreso bruto del empleado podría ser excluído en las deducciones como gastos de viaje de acuerdo con la sec. 16 (1) según quedó enmendada por la Ley núm. 159 de 13 de mayo de 1941 ((1) pág. 973). Este es el razonamiento práctico que hace Merten sobre la cuestión: 4 Merten's *Law of Federal Income Taxation* 478–480, secs. 25.83–25.85 y ésta es una de las implicaciones del caso de Postley en cuanto equiparara a los no-residentes y a los residentes para todo efecto contributivo.

Partiendo de la base que los gastos de transportación no son incluíbles como ingreso adicional de acuerdo con el art. 71 de nuestro reglamento, y que por el contrario, los gastos de alojamiento y comidas sí lo son, sólo nos falta ahora determinar qué se entiende por "conveniencia del patrono" a los efectos de determinar su eliminación como ingreso adicional del empleado. Se entiende que son para conveniencia del patrono cuando el patrono exige determinado alojamiento y determinada forma de cómo y dónde deben obtenerse los alimentos. Los ejemplos más clásicos son las industrias madereras y las obras de construcción de caminos en la zona rural; los hospitales y otros establecimientos de servicios continuos en la zona urbana. Lo que la prueba debe demostrar es que se trata de una condición impuesta por el patrono,

debida a la especialidad de su negocio y no de una exigencia del empleado con el objeto de aumentar su ingreso. Además debe investigarse si los servicios se prestan fuera del hogar o sitio de negocio habitual, puesto que entonces no se podría concebir ninguna ganancia por tales gastos para un empleado que se viera obligado a duplicar sus gastos ordinarios de alojamiento y comida para la obtención o aumento de su ingreso. El caso de los jugadores de pelota sigue la misma regla: 2 *Federal Taxes* (1955), 11,169, sec. 11,271–b, (ed. citada). En cuanto a la analogía con los gastos incurridos por un jugador de golf durante un torneo, véase 4 Merten's *Law of Federal Income Taxation* 478, sec. 25.83, (ed. citada).

■■ El Secretario de Hacienda apuntó la posibilidad que la contribuyente no tuviera derecho a resistir la imposición de la deficiencia, porque siendo la contribuyente un mero agente retenedor, está garantizada contra las reclamaciones o demandas de cualesquiera otras personas por el montante de los pagos que hubiere hecho a favor del Secretario de Hacienda por contribuciones sobre Ingresos retenidos en su origen. No hay tal cosa. La sec. 22 (*a*) de nuestra Ley de Contribuciones sobre Ingresos, según quedó enmendada por la Ley núm. 29 de 8 de diciembre de 1947 ((2) pág. 403) que es la Ley aplicable a este caso que dispone: "toda persona, sociedad o corporación que por esta sección venga obligada a deducir y retener cualquier contribución, deberá presentar una declaración de la misma en o antes de marzo 15 de cada año y deberá en o antes de junio 15, pagar las contribuciones al funcionario del Pueblo de Puerto Rico autorizado para recibir la contribución. *Cada una de dichas personas, sociedades o corporaciones queda por la presente declarada responsable de dicha contribución* y por la presente *se garantiza contra las reclamaciones o demandas de cualquiera otra por el montante de cualesquiera pagos* que hiciere de acuerdo con las disposiciones de esta sección", contiene dos declaraciones distintas que producen efectos jurídicos diversos. La primera es la que responsabiliza a las

personas naturales o jurídicas por la retención y entrega de la contribución del no-residente. La segunda la que garantiza a dichas personas contra reclamaciones o demandas del no-residente o cualquiera otra persona que derive causa de ella, por el montante de lo retenido y entregado. La primera se refiere a la notificación de cualquiera deficiencia en la retención o entrega del montante de la contribución realmente devengada, de la cual responde el agente retenedor. La segunda, al reintegro de cualquiera contribución retenida y entregada en exceso de la contribución realmente devengada, o retenida y entregada por alguna disposición contributiva no aplicable al no-residente de la cual no responde el agente retenedor.

En el caso de la deficiencia notificada por insuficiencia de la cantidad retenida y entregada por el agente retenedor dicho agente retenedor tiene suficiente interés para convertirse en parte necesaria, e indispensable, puesto que tendría que responder de la diferencia entre lo retenido y entregado y lo que ha debido retener y entregar: 9 Merten's *Law of Federal Income Taxation* 221, sec. 50.24 (ed. de Callaghan & Company de 1943); *Houston Street Corporation* v. *Commissioner*, 84 F.2d 821, (*Foster*), (1936), cita precisa a la pág. 822. También podría atacar la constitucionalidad de la disposición sobre la cual basa el Secretario de Hacienda la deficiencia: *Minnesota Mining & Manufacturing Company* v. *Wisconsin Department of Taxation*, 322 U. S. 435, 88 L. Ed. 1373, (*Stone*), (1944) cita precisa a las págs. 440 U. S., 1378–1379 L. Ed. En el caso del reintegro, por cualquiera retención y entrega excesiva, el agente retenedor no tiene ningún interés, puesto que no queda responsabilizado ni con el Estado ni con el no-residente. Todo el interés lo tiene el no-residente y es éste el que debe solicitar el reintegro: *Pauker* v. *United States*, 23 F. Supp. 821, (*Mandelbaum*), (1938), cita precisa a la pág. 823; *Sharp & Dohme* v. *United States*, 144 F.2d 456 (*Maris*), (1944) cita precisa a la pág. 458.

En cuanto a la primera apelación interpuesta a su vez por la contribuyente sobre los cómputos radicados por el Tesorero, basta consignar que el hecho de haberse declarado inconstitucional cualquiera diferencia de tipo contributivo entre residentes y no-residentes, cuando todos son ciudadanos de Estados Unidos, no implica que los ciudadanos de Estados Unidos no-residentes no tengan que pagar contribución sobre ingreso alguna, sino que su contribución debe calcularse al mismo tipo que la de los ciudadanos residentes: *Postley* v. *Secretario de Hacienda*, supra, cita precisa a la pág. 899. En cuanto a la segunda apelación interpuesta a su vez por la contribuyente en el sentido que la contribución debe computarse a base de cada uno de los pagos recibidos por los no-residentes y no sobre la totalidad de los pagos recibidos durante la temporada, estamos conformes con la ilustrada Sala sentenciadora que la sec. 22 (*a*) de nuestra Ley de Contribución sobre Ingresos, según enmendada por la Ley núm. 29 de 8 de diciembre de 1947, aplicable a este caso, establece la obligación de retener por todo un término contributivo anual o periódico y no por pagos aislados. Dada la especialidad que presenta un contrato de un jugador de pelota, la periodicidad la determina toda la temporada y no las semanas o mensualidades durante las cuales recibe el pago de sus servicios. Es natural que el agente retenedor quiera prorratear entre los diferentes pagos que haga el montante de la contribución que debe retener para todo el año o período de tiempo menor que un año, para no verse responsabilizado por el Estado, por cualquiera deficiencia futura. Cualquier crédito que pueda producir este sistema a favor del jugador de pelota, en cuanto a la contribución normal o adicional se refiere, no tiene otro remedio que la solicitud de reintegro tramitada directamente por dicho jugador de pelota.

*Deben confirmarse tanto la sentencia como las resoluciones apeladas.*

El Juez Asociado Sr. Sifre no intervino.