DONALD C. HITT and JOAN E. KAISER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hitt v. Commissioner
Docket No. 1515-75.
United States Tax Court
T.C. Memo 1978-66; 1978 Tax Ct. Memo LEXIS 449; 37 T.C.M. (CCH) 333; T.C.M. (RIA) 780066; February 22, 1978, Filed *449 Petitioner, wife, attended Columbia University for three years and obtained a doctorate in nursing education. Held, on the facts she was engaged in a trade or business during the period she was working toward her doctorate. Held,further, deductions for certain travel, meals and lodging expenses allowed because incurred while away from home. Donald C. Hitt and Joan E. Kaiser, pro se. David A. Schumudde, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $267.50 in petitioners' income tax for the taxable year 1972. The issues for our determination are: (1) whether petitioner Kaiser was engaged in carrying on a trade or business during 1972; and, if so, (2) whether $1,010 spent by petitioner Kaiser for travel *450 and lodging was incurred while she was "away from home." FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts along with attached exhibits are incorporated herein by this reference. The petitioners, husband and wife, resided in Stanfordville, N.Y., at the time of filing their petition herein. They filed their income tax return with the District Director of Internal Revenue at Albany, N.Y. Since Donald C. Hitt is a party hereto solely by reason of having filed a joint income tax return with his wife for the year in issue, Joan E. Kaiser alone will hereafter be referred to as the petitioner. Petitioner began her education in the field of nursing in 1951. She received a B.S. degree in nursing in 1962 and a master's degree in nursing education in 1963, both from Columbia University (hereafter Columbia). Prior to 1961, and simultaneously with her formal education, petitioner also worked to acquire experience in the nursing field. In 1961 she began instructing in the field of nursing. During the period 1964-1969, she was a tenured assistant professor at Duchess Community College. From 1969 to 1971 and subsequent to completion of her doctorate *451 in 1974, she was a consultant with the National League for Nursing, an organization located in New York City and dedicated to nursing education. In 1971 petitioner left the National League for Nursing to undertake a doctoral program in nursing education at Columbia. When she left that organization she did not have any specific intent to return. However, after completion of her doctoral requirements in late 1974, she returned to its employ. The National League for Nursing did not require petitioner to have a doctorate degree. During the period in which she was working toward her doctorate degree, petitioner was living in Stanfordville, N.Y., approximately 70 miles north of New York City. Because of the distance, it was occasionally necessary for petitioner to stay overnight in New York City. During the year 1972, petitioner incurred expenses in the amount of $1,010 for meals, lodging and travel while staying overnight in New York City in connection with her studies at Columbia. OPINION Section 1.162-5(a)(1), Income Tax Regs., permits a deduction for *452 expenses incurred for education which "[maintains] or improves skills required by the individual in his employment or other trade or business." Respondent does not argue that petitioner's studies did not improve her skills. He contends, however, that petitioner was not in the trade or business of nursing education during the year in issue while she was obtaining her doctorate degree. Whether a taxpayer is engaged in carrying on a trade or business is a question of fact. Corbett v. Commissioner,55 T.C. 884, 887 (1971). We have held that a taxpayer who temporarily ceases active participation in a trade or business during a transition period between leaving one position and obtaining another may be "carrying on" a trade or business during the transition period. Haft v. Commissioner,40 T.C. 2 (1963). Likewise, a taxpayer who leaves his position temporarily to attend school full time may be "carrying on" a trade or business while in school. In Furner v. Commissioner,393 F. 2d 292 (7th Cir. 1968), revg. 47 T.C. 165 (1966), *453 it was held that a school teacher, who resigned from her teaching position when she could not get a leave of absence to attend graduate school full time for a year, and who after finishing graduate work took a different teaching job in another school district, was "carrying on" her trade or business of being a teacher while in graduate school. And we held, in a court reviewed decision, Ford v. Commissioner,56 T.C. 1300 (1971), affd. per curiam 487 F. 2d 1025 (9th Cir. 1973), that a teacher was still in the trade or business of teaching while attending the University of Oslo in Norway full time for one year even though he left his previous teaching position without a leave of absence and even though he took a different teaching position upon his return. [1] These cases establish that a leave of absence is not essential to carry on a trade or business while attending school, nor is it essential to return to the same position after completing the course of study undertaken. *454 However, as the period a taxpayer remains in school increases with no continuing connection to his former job or any clear indication of an intention to actively carry on the same trade or business upon completion of his studies, this begins to weigh as evidence that he is no longer "carrying on" his trade or business while attending school. Canter v. United States,354 F. 2d 352 (Ct. Cl. 1965) (a nurse discontinued nursing activities for more than four years while obtaining bachelor's and master's degrees in nursing); Corbett v. Commissioner,supra (a teacher discontinued teaching and commenced full-time study leading to a Ph.D., and four years later at time of trial was still a full-time student). We hold on the facts that petitioner was "carrying on" her trade or business as a nursing educator while obtaining her doctorate degree in nursing education from Columbia. Petitioner had been in the field of nursing for over 20 years and in nursing education since 1962. She temporarily removed herself from the income earning process in order to sharpen those skills required in her trade or business, and the three-year period which she took *455 in order to complete her doctoral degree was an appropriate period in which to accomplish her educational objective. It has often been noted that additional education is a normal incident of the teaching profession. And the doctorate she received would not equip her for a different career. Both before and after her educational hiatus she was employed by the National League for Nursing. These facts bring petitioner within the scope of Furner and Ford, and her educational hiatus from employment by the National League for Nursing did not prevent her from "carrying on" a trade or business within the meaning of section 162[2] while she was attending Columbia. We find nothing in section 162 which places an arbitrary limitation on the self-improvement process. Having decided that petitioner was still in the trade or business of nursing education during the year 1972, we must now decide the second issue, that is, whether petitioner's expenditures for meals and lodging during *456 that year were made while she was "away from home." See section 1.162-5(e), Income Tax Regs. Resolution of this issue obviously depends on the location of her "tax home." The Second Circuit Court of Appeals, to which appeal in this case will lie, has always considered a taxpayer's tax home to be at the place of his residence and not at his place of business or the post or station at which he is employed. Six v. United States,450 F. 2d 66 (2d Cir. 1971); Rosenspan v. United States,438 F. 2d 905 (2d Cir. 1971); Coburn v. Commissioner,138 F. 2d 763 (2d Cir. 1943). Under the rule in Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we will follow the approach of the Second Circuit Court of Appeals. In utilizing this rule it seems clear that the Second Circuit would find petitioner's tax home to be Stanfordville, N.Y., for the year in issue. However, while this means petitioner was "away from home" *457 when the expenditures in issue were incurred, it appears the Second Circuit would further require that the taxpayer's personal residence not be maintained in a "locale apart from where he regularly worked as a matter of personal choice rather than business necessity." Rosenspan,supra at 911. In attempting to distinguish between those situations in which it is business necessity rather than personal choice which motivates the location of the taxpayer's residence, the Second Circuit has stated: When an assignment is truly temporary, it would be unreasonable to expect the taxpayer to move his home, and the expenses are thus compelled by the "exigencies of business"; when the assignment is "indefinite" or "indeterminate," the situation is different and, if the taxpayer decides to leave his home where it was, disallowance is appropriate, not because he has acquired a "tax home" in some lodging house or hotel at the worksite but because his failure to move his home was for his personal convenience and not compelled by business necessity. * * * [Rosenspan v. United States,438 F. 2d at 912.] *458 We believe that application of such a standard mandates deductibility of the expenditures in the case before us. In finding that petitioner was still in the trade or business of nursing education we, of necessity, have already found that her absence from active employment was only temporary. Therefore, her assignment in New York must likewise be viewed as temporary, not requiring the petitioner to relocate her home. As such, the expenses which she incurred in New York were not nondeductible personal expenditures, but rather expenditures "compelled by the 'exigencies of business'" and, therefore, deductible under section 162. Decision will be entered for the petitioners. Footnotes
1. See King v. Commissioner,T.C. Memo. 1962-93↩ (taxpayer, a teacher, was granted a leave of absence in 1958 by the school board to attend Stanford University to obtain a Ph.D. in education; as of 1961 she was still at Stanford and still on a leave of absence; held, her education expenses for 1958 were deductible).
2. All statutory references are to the Internal Revenue Code of 1954 as in effect for the year in issue.↩